DECIDED APRIL 5, 1933.

22801. TRUST COMPANY OF GEORGIA *et al.*, executors, *v.* CERF.

BROYLES, C. J. 1. This was a suit by the executors of a deceased payee of a promissory note signed by two persons (a husband and his wife), and the wife only was sued; it being alleged in the petition that the husband was not sued because he "has filed a petition in bankruptcy in the United States district court of the northern district of Georgia, and has sched-

uled this indebtedness and will be discharged therefrom." Under these circumstances the husband was not a person interested in the result of the suit, and was competent to testify in favor of the defendant that he was the principal and that the defendant was only a surety on the note, and also to testify as to transactions between the witness and the deceased payee. *Sherman* v. *Stephens*, 30 *Ga. App.* 509 (2), 520 (118 S. E. 567).

2. Under the foregoing ruling, the evidence set out in special grounds 4, 5, and 6 of the motion for a new trial was not inadmissible under subsection 4 of section 5858 of the Civil Code (1910), nor was the evidence inadmissible for any other reason assigned.

3. Although the defendant, by admitting in open court the execution of the note sued on and assuming the burden of proof, admitted a prima facie case for the plaintiff, the undisputed evidence demanded a finding that her husband executed the note as principal and that she signed it as surety only. It follows that the direction of a verdict in her favor was not error.

4. The verdict was demanded by the evidence, and the refusal to grant a new trial was not error.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED APRIL 5, 1933.

*Harold Hirsch, Marion Smith, W. B. Cody, Weekes & Candler,* for plaintiffs.

*McElreath & Scott,* for defendant.

